IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

TRENT TYLER TREPANIA,

Plaintiff,

v.

SGT. LUELOFF and B. LARSON,

Defendants.

OPINION and ORDER

26-cv-545-jdp

---

Plaintiff Trent Tyler Trepania, proceeding without counsel, alleges in an amended complaint that correctional staff at the Douglas County Jail used excessive force on him and retaliated against him on May 25, 2023. Dkt. 10. Trepania is currently incarcerated at Oshkosh Correctional Institution. For the reasons explained below, I will dismiss the amended complaint with prejudice as untimely, and I will assess a strike under 28 U.S.C. § 1915(g).

## BACKGROUND

On screening the amended complaint, I determined that Trepania's claims appeared to be untimely. Dkt. 11. Specifically, I determined that his excessive force and retaliation claims accrued on May 25, 2023, and that he brought this action more than three years later on June 11, 2026. *Id.* at 2–3. I ordered Trepania to show cause why I should not dismiss the amended complaint with prejudice as untimely. *Id.* at 3.

Trepania concedes that he brought this action more than three years after his claims accrued. Dkt. 12. But he explains that he couldn't bring this action sooner because of his "chronic mental illness." *Id.* Trepania says that he is currently "medicated" and "of sound mind," which has allowed him to bring this action despite his mental illness. *See id.*

ANALYSIS

Trepania contends that he is entitled to statutory tolling under Wis. Stat. § 893.16(1). *See* Dkt. 12. I will also consider whether he is entitled to equitable tolling.

**A. Statutory tolling**

Courts may apply state doctrines of tolling to § 1983 claims. *See Myers v. Noble*, No. 22-1642, 2023 WL 1514439, at *2 (7th Cir. Feb. 3, 2023). Section 893.16(1) provides for tolling up to five years if the plaintiff was "mentally ill" when the injury accrued and continues to be mentally ill. *Lewis v. Stenz*, 637 F. App'x 943, 944 (7th Cir. 2016). To warrant tolling under § 893.16(1), an asserted mental illness must leave the litigant "functionally unable to understand legal rights and appreciate the need to assert them." *Myers*, 2023 WL 1514439, at *2.

Trepania's vague allegations don't meet this standard. He says that he has chronic mental illness and was missing medication during the three-year period. But Trepania doesn't describe his mental health conditions or explain how those conditions and missing medication impaired his mental functioning and stopped him understanding that he had claims that he needed to assert. Trepania represented himself in several federal cases during the three-year period. *See Trepania v. Pelky*, 25-cv-1053 (E.D. Wis.); *Trepania v. Davidson*, 23-cv-340-jdp; *Trepania v. Izzard*, 23-cv-179-jdp. This litigation activity, which included drafting pleadings that passed screening, belies the idea that Trepania's purported mental problems left him functionally unable to understand his legal rights or appreciate the need to assert them. Trepania hasn't demonstrated a plausible basis for statutory tolling.

**B. Equitable tolling**

Wisconsin law also governs the equitable tolling analysis. *Robinson v. Sommers*, No. 23-cv-640-jdp, 2023 WL 7629601, at *1 (W.D. Wis. Nov. 14, 2023). Wisconsin precedent on equitable tolling is sparse, but it's clear that equitable tolling is available only when the failure to meet a filing deadline is out of the party's control or occurred despite the party's due diligence. *Id.*

Trepania hasn't met this standard. Again, he doesn't describe his mental health conditions or explain how they affected his functioning, and his earlier litigation work shows that he could meet deadlines, articulate claims, and prepare pleadings during the three-year period. Nor has Trepania alleged any facts suggesting that he exercised diligence during that period. He hasn't, for instance, provided a timeline of any steps that he took to pursue his excessive force and retaliation claims despite his mental health issues. *See id.* Trepania hasn't demonstrated a plausible basis for equitable tolling.

CONCLUSION

Trepania's excessive force and retaliation claims both accrued on May 25, 2023. He didn't bring this lawsuit until June 11, 2026, by which time the three-year limitations period had expired. I will dismiss the amended complaint without prejudice as untimely. The time bar is clear from the amended complaint's face, so the dismissal counts as a dismissal for failure to state a claim. *See* Dkt. 11 at 2. I will therefore impose a strike under 28 U.S.C. § 1915(g). *See Holmes v. Marion Cnty. Sheriff's Off.*, 141 F.4th 818, 822 (7th Cir. 2025).

This is Trepania's second strike under § 1915(g). If Trepania incurs another strike under this statute, he will be barred from bringing additional lawsuits in federal court without

prepaying the filing fee unless he can show that he is in imminent danger of serious physical injury.

ORDER

IT IS ORDERED that:

1. Plaintiff Trent Tyler Trepania's amended complaint, Dkt. 10, is DISMISSED with prejudice as untimely.

2. A strike is to be recorded under 28 U.S.C. § 1915(g).

3. The clerk of court is directed to enter judgment and close the case.

Entered August 18, 2026.

BY THE COURT:

/s/

JAMES D. PETERSON
District Judge